ams

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  03-40024-01-JAR |
| | ) | 04-3094-JAR |
| KORY FLYNN ORR, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |
| | ) | |

## MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

Defendant/Petitioner Kory Flynn Orr filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence.  (Doc. 19.)  In his motion, Orr maintains that his counsel was ineffective in

negotiating his guilty plea.  In his Motion to Supplement Section 2255 Motion (Doc. 25), Orr argues

that his sentence should be vacated in light of the Supreme Court's decision in *Blakely v. Washington*,[1]

which struck down Washington's state sentencing scheme as violative of the Sixth Amendment right to

a jury trial.  Orr maintains that the Federal Sentencing Guidelines (Guidelines) are similarly violative of

the Sixth Amendment, and therefore his sentence is unconstitutional.  The government moved to dismiss

Orr's initial motion on the basis that it is precluded by an appeal and collateral attack waiver in the plea

agreement.  The government further responded to Orr's supplemental brief, arguing that *Blakely* was

---

[1] 542 U.S.__, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

1

inapplicable because Orr was sentenced to the statutory minimum sentence allowable without regard to the Guidelines.

After Orr filed this motion, the Supreme Court decided *United States v. Booker*,[2] which struck down the mandatory nature of the Guidelines as incompatible with the Sixth Amendment. Consistent with the Supreme Court's guidance in *Blakely* and *Booker*, this Court denies Orr's motion because neither *Blakely* nor *Booker* is retroactive to federal criminal cases that became final before the *Blakely* decision was handed down on June 24, 2004. The Court further denies Orr's motion on the basis of ineffective assistance of counsel based on the plea negotiation. The Court finds that the waiver of collateral attack in Orr's plea agreement bars his ability to challenge counsel's effectiveness at sentencing. Furthermore, Orr is unable to show that counsel was ineffective during the negotiation of his plea.

## I. Procedural Background

On June 16, 2003, Orr pleaded guilty to a one-count Indictment charging him with possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine. The plea agreement signed by Orr states that Orr understood that he faced a five year mandatory minimum sentence for the offense of conviction. The plea agreement further states that Orr understood "that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive." The plea agreement includes a waiver of appeal and collateral attack. Under the plea agreement, Orr "waives any right to challenge a sentence or manner in which it was determined in any

---

[2] 543 U.S. __, 125 S. Ct. 738, 2005 WL 50108 (2005).

collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except

as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]."  Orr also signed

a Petition to Enter Plea that attested that the plea was made freely and voluntarily and that Orr

understood the waiver included in the plea agreement and the maximum sentence that he faced.

  At the plea hearing, Orr stated on the record that he did not receive any "promises or

assurances" that would have induced him into signing the plea agreement, other than what was

contained in the agreement itself.[3]  He assured the Court that the decision to plead guilty was made

voluntarily of his own free will.[4]  The Court asked Orr at this hearing: "And do you feel that you've had

sufficient advice and information and counsel from Mr. Berger so that you could decide whether to

enter into a plea agreement or go to trial?"  Orr responded in the affirmative.[5]  At this hearing, the

United States Attorney stated that the government would agree to not oppose application of the "safety

valve" provision in the Guidelines, if it applied.[6]  However, the Court explained to Orr that regardless of

the sentence determined by applying the Guidelines, the Court must sentence him to at least 5 years

under the applicable statute, unless the safety valve exception applied.[7]  It also explained that the Court

would consider all relevant conduct by Orr when determining his sentence.[8]  When explaining the safety

---

[3] Doc. 18, at 4.

[4] *Id.*

[5] Doc. 18, at 4.

[6] Doc. 18, at 5.

[7] Doc. 18, at 7.

[8] Doc. 18, at 9-10.

valve provision to Orr, this Court stated, "we don't know whether you'll qualify for it."[9]  Orr stated on

the record that this had been explained to him.[10]

The Court imposed Orr's sentence on September 25, 2003.  Under the Guidelines, the Court

applied a two-level increase based on relevant conduct; namely, possession of a firearm.  Orr's counsel

objected to the Court's enhancement based on this relevant conduct and to this fact disqualifying Orr

from the safety valve provision.  The Court overruled the objections and assigned Orr an offense level

of 25 and a criminal history category of I.  Under the Guidelines, the applicable sentencing range was

57-71 months.  This Court sentenced Orr to 60 months of imprisonment, which is the statutory

mandatory minimum sentence.[11]  Orr now asks the Court to vacate this sentence, arguing that it is

unconstitutional under recent Supreme Court decisions and because his counsel was ineffective in

advising him to accept this plea bargain.

## II.  Analysis

The Court will address the applicability of the *Blakely* decision to Orr's case, then address  his

claim of ineffective assistance of counsel.  Under 28 U.S.C. § 2255, the Court is required to conduct

an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the

prisoner is entitled to no relief."[12]  The Court determines that the motion and files of this case are

conclusive in showing that this petitioner is not entitled to relief on either ground asserted in his motion.

---

[9]  Doc. 18, at 8.

[10]  *Id.*

[11]  21 U.S.C. § 841(b)(1)(B).

[12]  *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000), *cert. denied*, 532 U.S. 943, 121 S. Ct. 1406, 149 L. Ed. 2d 348 (2001).

### Retroactivity of Blakely

Orr argues that his sentence is unconstitutional, citing *Blakely v. Washington.  Blakely* represents an extension of the rule originally announced in *Apprendi v. New Jersey*, where the Court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[13]  In *Blakely*, the Court applied the rule and explained that the statutory maximum under *Apprendi* "is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*,"[14] which is not necessarily the same as the maximum punishment possible under statute.[15]  On this basis, the Court struck down the Washington state sentencing scheme.

In the wake of *Blakely*, courts had grappled with the issue of whether the Guidelines were also unconstitutional since they required sentencing judges to make factual findings in a fashion similar to that under the Washington scheme.[16]  The Supreme Court resolved this issue in *United States v. Booker*.[17] In two separate majority opinions, the Court decided first, that the mandatory nature of the Guidelines violates the Sixth Amendment for the same reasons that the Washington state scheme did in *Blakely*.[18] Second, the Court decided that the appropriate remedy for this constitutional infirmity is to excise the

---

[13]  530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000).

[14]  *Blakely*, 124 S. Ct. at 2537 (emphasis in original).

[15]  *Id.* at 2538.

[16]  *See id.* at 2548-50 (O'Connor, J., dissenting).

[17]  543 U.S. __, 125 S. Ct. 738, 2005 WL 50108 (2005).

[18]  *Booker*, 125 S. Ct. at 745 (Stevens, J.).

5

provision from the Sentencing Reform Act that requires district courts to apply the Guidelines.[19]

Instead, the Court deemed the Guidelines advisory and explained that sentencing courts must now

consider the sentencing goals as set forth in 18 U.S.C. § 3553(a).[20]  The applicable standard of review

under the new sentencing landscape is the reasonableness of the sentence.[21]

      Because this is a collateral attack on a final sentence, the Court must determine if the rule

announced in *Blakely* or *Booker* may retroactively apply to this petitioenr.  While the Supreme Court

did state: "we must apply today's holdings–both the Sixth Amendment holding and our remedial

interpretation of the Sentencing Act–to all cases on direct review;"[22] the Supreme Court did not state

whether its holding applied to cases on collateral review.

      Prior to *Booker*, the Tenth Circuit held that *Blakely* did not apply to cases on collateral

review.[23]  The Tenth Circuit has recently conducted the necessary constitutional analysis and

determined that *Blakely* does not apply retroactively to initial motions under 28 U.S.C. § 2255, despite

the Supreme Court's holding in *Booker*.[24]  Other circuits have similarly held that *Booker* does not

---

[19]  *Id.* at 756 (Breyer, J.).

[20]  *Id.* at 764.

[21]  *Id.* at 765.

[22]  *Id.* at 769 (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)).

[23]  *Leonard v. United States*, 383 F.3d 1146, 1147-48 (10th Cir. 2004); *United States v. Price*, No. 04-7058, 2004 WL 2905381, *4 -5 (10th Cir. Dec. 16, 2004); *cf. United States v. Leonard*, No. 04-6197, 2005 WL 139183, *2 (10th Cir. Jan. 24, 2005) ("New rules of criminal procedure, however, are applied retroactively only to cases pending on direct review or cases that are not yet final. . . . Thus, *Blakely*, as well as the Supreme Court's more recent decision in *United States v. Booker* . . . have no applicability to Leonard's sentence.").

[24]  *United States v. Price*, __F.3d__, No. 04-7058, 2005 WL 535361, at *4 (10th Cir. Mar. 8, 2005).  The Tenth Circuit has recently denied certification for successive § 2255 motions because "the rule announced in *Booker* is not retroactive," therefore it does not satisfy the requirement for a valid successive motion. *Bey v. United States*, __F.3d__, No. 05-3051, 2005 WL 469667, at *2 (10th Cir. Mar. 1, 2005); *United States v. Lucero*, No. 04-2131, 2005 WL

apply to cases on collateral review.[25]  Although the Court will grant Orr's motion to supplement the

section 2255 motion, it concludes that *Blakely* does not apply to Orr's case, as his conviction is now

final and on collateral review.[26]

### Ineffective Assistance of Counsel

Orr argues that his counsel was ineffective in advising him to sign a plea agreement that included

a waiver of appeal rights.  In order to succeed on a claim of ineffective assistance of counsel, Orr must

meet the two-prong test set forth in *Strickland v. Washington*.[27]  Under that test, Orr must first show

that his counsel's performance was deficient because it "fell below an objective standard of

reasonableness."[28]  Second, he must show that counsel's deficient performance actually prejudiced his

defense.  "In the context of a guilty plea, the prejudice prong requires a defendant to show that 'but for

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[29]  Orr

advances six arguments as to why his counsel was ineffective in negotiating his plea agreement: (1) the

waiver of appeal and collateral attack in his plea agreement was made involuntarily because counsel

---

388731, at *2 (10th Cir. Feb. 18, 2005).

[25]  *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005); *Varela v. United States*, __F.3d__, No. 04-11725, 2005 WL 367095, at *4 (11th Cir. Feb. 17, 2005);  *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *cf. Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (second or successive motion); In re *Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (same).

[26] Because the Court concludes that *Blakely* is not retroactive, the Court need not address the Government's argument that Orr was sentenced to the statutory mandatory minimum without regard to the Guidelines.

[27]  466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[28]  *Id.* at 688, 104 S. Ct. at 2064-65.

[29]  *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)).

incorrectly advised him of the requirements for the "safety valve" provision in the Guidelines; (2) counsel should not have advised him to sign the plea agreement because there were multiple grounds under which counsel could have appealed Orr's sentence; (3) counsel failed to explain to Orr the elements of his offense set out in 21 U.S.C. § 841; (4) counsel failed to "adversarily test" the government's factual claims at the sentencing hearing; (5) counsel failed to advise Orr of the requirement that he cooperate and debrief the government in order to take advantage of the safety valve provision; and (6) Orr was induced into signing the plea agreement because counsel promised him that he would qualify for the safety valve provision, which would result in a sentence of 18-24 months.

### 1. Waiver of Appeal and Collateral Attack

The Court must first determine if Orr waived his right to collateral relief under his plea agreement.  In order to survive the waiver, (1) there must be a basis for a claim of ineffective assistance of counsel, and (2) the ineffectiveness claim must pertain to the validity of the plea.[30]  "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside this category are waivable."[31]  The Court finds that grounds two and four of Orr's claim of ineffective assistance of counsel pertain strictly to counsel's performance at or after the sentencing hearing and not to the validity of the plea.  The second ground for Orr's claim is insufficient because he only identifies issues that counsel could have appealed had the waiver in the plea agreement not applied.  The mere fact that Orr may have had appealable issues regarding his sentence does not, in itself, render the waiver

---

[30]  *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085, 122 S. Ct. 821, 151 L. Ed. 2d 703 (2002).

[31]  *Id.*

8

unenforceable.  Counsel advised Orr to plead prior to the sentencing hearing and had no way to predict what would transpire in the future.  Orr's fourth ground for his claim likewise fails because it rests upon counsel's performance at the sentencing hearing.  Again, the Court finds that this does not pertain to the negotiation of Orr's plea, and is therefore waivable.[32]

The remaining grounds for Orr's claim of ineffective assistance of counsel concern the advice given to Orr before he entered into the plea agreement.  Orr claims that counsel was ineffective because of his advice and that this advice formed the basis of Orr's decision to plead guilty.  The Court will proceed to determine these issues under the two-part standard set forth in *Strickland*.

### 2.  Counsel's Performance

Orr's remaining arguments allege that counsel provided incorrect advice and false assurances, which induced him to enter into the plea agreement.  The Court finds that these grounds are insufficient to sustain a claim of ineffective assistance of counsel in negotiating Orr's plea.  It is well settled that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel."[33]  Orr's first claim is that counsel's unfamiliarity with the Guidelines caused him to give Orr erroneous information regarding the application of the safety valve to the calculation of Orr's sentence.  He further argues that counsel failed to explain his obligation to provide the government with truthful information surrounding the offense or related offenses in order to qualify for the safety valve.  If Orr had qualified for the safety valve, the Court

---

[32] *Id.* at 1185.

[33] *United States v. Gordon*, 4 F.3d 1567, 1570-71 (10th Cir. 1993), *cert. denied*, 510 U.S. 1184, 114 S. Ct. 1236, 127 L. Ed. 2d 579 (1994) (citations omitted); *see United States v. Gigley*, 213 F.3d 509, 517 n.3 (10th Cir. 2000); *Lasiter v. Thomas*, 89 F.3d 699, 703-04 (10th Cir. 1996), *cert. denied*, 519 U.S. 998, 117 S Ct. 493, 136 L. Ed. 2d 386 (1996).

9

could have imposed a sentence below the 60 month mandatory minimum sentence.

The record reflects that Orr was informed multiple times that the safety valve provision might not apply to him.  The plea agreement made no assurance that the safety valve provision would apply. At the plea hearing, the Government only committed to recommend application of the safety valve if Orr qualified.  Moreover, this Court explained to Orr that he must be sentenced to at least the statutory minimum sentence of five years, unless the safety valve exception applied.  The record reveals that Orr entered into the plea agreement armed with the information necessary to make a voluntary decision, taking into account the risk that he may be sentenced within the statutory range of five to forty years of custody.  The Court overruled Orr's objections to the enhancement for possessing a firearm.  Because of Orr's possession of a firearm, he did not qualify for the safety valve exception, irrespective of any "debriefing" Orr did or did not provide to the Government.

Further, Orr is unable to show that he would have pleaded not guilty but for his counsel's ineffectiveness.  During the plea colloquy, the Court advised Orr  that even if the Government recommended application of the safety valve, the Court was not required to accept that recommendation.  The Petition to Enter Plea, the plea agreement, and Orr's statements at the plea hearing, establish that Orr knew his sentence could be subject to the statutory minimum term of five years and that he knew that the Court might consider relevant conduct outside of the offense of conviction, in determining his sentence, despite counsel's objections.

Orr contends that his counsel induced him to plead guilty by promising that he would receive 18-24 months, based on a presumption that the safety valve would apply.  This, Orr contends, rises to the level of "gross misadvice," constituting ineffective assistance of counsel.  But, as previously

discussed, Orr was repeatedly advised of the mandatory minimum sentence and sentencing range; and Orr acknowledged on the record that he understood this.  He never sought to clarify or question this information during the hearing.  Thus, the Court cured any defect in counsel's advice by informing Orr of the correct sentence.

Moreover, Orr was fully informed and understood the elements of the offense, 21 U.S.C. § 841(a)(1).  The elements are clearly stated in the Indictment, the plea agreement, and the Petition to Enter Plea, and were reiterated by the Court in the plea hearing.  And, during the plea colloquy, Orr acknowledged on the record, that he understood the charge he was pleading guilty to, the potential sentence and the implications of pleading guilty.  Although Orr's affidavit disavows and denied that his plea was fully informed, Orr is "bound by his solemn declarations in open court" which contradict the statements in his affidavit.[34]  The record shows that Orr's claim of ineffective assistance of counsel does not result in the level of prejudice contemplated under the *Strickland* test.

**IT IS THEREFORE ORDERED BY THE COURT** that Orr's Motion to Supplement Section 2255 Motion (Doc. 25) is **GRANTED.**

**IT IS FURTHER ORDERED BY THE COURT** that Orr's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 19) is **DENIED**.

IT IS SO ORDERED.

Dated this  28th   day of March 2005.


   **S/ Julie A. Robinson**

_____

[34] *Lasiter*, 89 F.3d at 703.

**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**